IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PENINSULA CLEAR LAKE TEXAS, L.P. | § | CASE NO. 09-33906 |
| | § | (Chapter 11) |
|     Debtor | § | |
| | § | |
| AMEGY MORTGAGE COMPANY, LLC | § | |
| | § | |
|     Movant | § | |
| | § | |
| vs. | § | |
| | § | |
| PENINSULA CLEAR LAKE TEXAS, L.P, | § | |
| | § | |
|     Respondent | § | |

**MOTION OF AMEGY MORTGAGE COMPANY, L.L.C.
TO DISMISS CHAPTER 11 BANKRUPTCY CASE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. If YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THIS IS A MOTION TO DISMISS. THIS MOTION IS NOT CONSIDERED A MISCELLANEOUS MOTION AS ANY HEARING WILL REQUIRE MORE THAN 30 MINUTES. A HEARING ON THIS MOTION CANNOT BE SET PURSUANT TO THE SELF-CALENDERED HEARING PROCEDURE.**

**IF A HEARING IS REQUESTED AND GRANTED BY THE COURT, MOVANT REQUESTS THAT SUCH HEARING BE CONDUCTED ON WEDNESDAY, JULY 22, 2009.**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Amegy Mortgage Company, L.L.C. ("AMC"), seeking dismissal of this case pursuant to § 1112(b) of the United States Bankruptcy Code. For cause, AMC offers the following:

1. On June 1, 2009, Peninsula Clear Lake Texas, L.P. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. This Chapter 11 bankruptcy case was filed as a Single Asset Real Estate case and estate.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 157 and § 1334. This motion is filed pursuant to 11 U.S.C. § 1112(b) and Bankruptcy Rule 1017.

**Background**

3. On or about February 15, 2006, Debtor and AMC entered into a Development Loan Agreement for the development of 39.97 acres tract of land located in the M. Muldon Two League Grant, League City, Galveston County, Texas. Debtor executed and delivered to AMC a Promissory Note, a copy of which is attached hereto as Exhibit " A". To secure the payment of the Promissory Note, Debtor executed and delivered to AMC a Deed of Trust, Security Agreement, Financing Statement and Assignments of Rents and Leases, which was recorded under clerk's file number 2006010279 of the Real Property Records of Galveston County, Texas. (A copy of the Deed of Trust is attached hereto as Exhibit " B"). The documents and facts related to this Development Loan shall hereafter be referred to as " Development Loan".

4. The Note and Deed of Trust related to the Development Loan were modified, renewed, rearranged and extended by that certain First Modification Agreement executed September 5, 2007 and recorded under clerk's file number 2007063266 of the Real Property Records of Galveston County, Texas. (A copy of the First Modification Agreement is attached hereto as Exhibit " C"). The Note and Deed of Trust were again modified, renewed, rearranged and extended by that certain Second Modification Agreement effective February 1, 2009 and recorded under clerk's file number 2009-023334 of the Real Property Records of Galveston County, Texas. (A copy of the Second Modification Agreement is attached hereto as Exhibit " D"). The Scheduled Maturity Date set forth in the Second Modification Agreement is June 1, 2009.

5. Debtor defaulted under the terms of the Development Loan and the property was posted for a non-judicial foreclosure sale scheduled for June 2, 2009. A copy of the notice of foreclosure sale is attached hereto as Exhibit " E". Debtors filed for bankruptcy on June 1, 2009.

6. As of June 1, 2009, Debtor was indebted to AMC in connection with the Development Loan in the amount of **$5,215,153.00** (principal, interest and costs). Interest continues to accrue at the

daily rate of **$2,485.98**.  The most recent written appraisal on the real property securing this debt is in the amount of **$3,900,000.00.**

## Debtor Cannot Be Reorganized

7.     The averments and facts set forth in Paragraphs 1-6 above are incorporated herein by reference for all purposes.

8.     At best the property is worth **$3,900,000.00.**

9.     The amount currently outstanding on the Note is approximately $**5,215,153.00**.  Any funds advanced by AMC to preserve and operate the property and all of AMC's costs and attorney fees are becoming part of and are increasing the indebtedness secured by the Deed of Trust.

10.    Hence there is no equity in the property.

11.    There is no prospect whatsoever for reorganization.  Debtor's only hope is the same hope that the vast majority of Single Asset Real Estate Debtor's share and seek, the hope of the illusive "Buyer" who is able to borrow or secure enough money to consummate the "sale".

12.    There is absolutely no prospect whatsoever for liquidation of Debtor's assets which would lead to any equity being left over for unsecured creditors after payment of the first lien against the property.

## BAD FAITH

13.    Cause exists to dismiss the bankruptcy case because it is a bad faith filing. The voluntary filing one day prior to the foreclosure date was a blatant attempt to stop the foreclosure process.

14.    All of the elements of bad faith are present in this case. Courts have consistently determined the filing of Chapter 11 cases to be in bad faith, requiring either termination of the automatic stay or dismissal. The bad faith element is analyzed precisely the same way whether the context is termination of the stay or dismissal of the case.  In <u>Little Creek Development Company v. Commonwealth Mortgage (In re: Little Creek Development Company)</u> 779 F2d 1068 (5th Cir. 1986), the Court analyzed the factors constituting bad faith, including the following:

   a.    Debtor has only one asset such as a tract of land;

   b.    Debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors;

   c.    Debtor has few employees;

   d.    Debtor's property is the subject of a foreclosure action as a result of arrearages on the debt;

e.  The timing of Debtor's filing evidences an attempt to delay or frustrate the legitimate efforts of Debtor's secured creditor to enforce its rights.

f.  There are allegations of wrongdoing by the debtors or its principals.

15.  The factors set out in Little Creek are all present here:

a.  Debtor has only one asset, which is not an income producing asset;

b.  Debtor has few unsecured creditors. Initially, Debtor filed schedules and listed various "equity holders" and "limited partners" as unsecured creditors. The only secured creditor is AMC.

c.  Debtor has no employees;

d.  The real property was subject to a non-judicial foreclosure action under Texas law, the sale date for which was June 2, 2009.

e.  There exists an "on-going" dispute between the partners of the Debtor related to information sharing between the partners, sales or lack thereof, sales contracts, commissions to be paid to insiders, infusion of capital or the lack thereof, operation of the Debtor and other related concerns.

f.  The filing of the Voluntary Petition was clearly timed to delay and frustrate AMC's legitimate efforts to enforce its rights under the Note and Deed of Trust. The voluntary petition was filed only a day before the scheduled foreclosure.

## GROUNDS FOR DISMISSAL

16.  The project has no prospect of success in its current condition. Debtor failed to properly apply for and maintain approval by the U. S. Corps of Engineers for a proper permit to dredge and create "waterfront" lots for the majority of the lots at the project. This information was not divulged to AMC by the Debtor until recently and Debtor indicated initially that the problem was more procedural than substantive. The Debtor now maintains that this procedural problem will cost an estimated $400,000.00± to cure and that any such attempted cure will take more than just a few months. The inability to sell properly permitted waterfront lots negatively impacts the entire project and the value of the entire project. The property does not generate any cash flow for use by a Debtor in Possession to operate a Chapter 11 proceeding for 90 days or 180 days or 360 days.

17.  Pursuant to 11 U.S.C. §1112 (b)(4)(A), substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, constitute cause for dismissal.

18. There is no purpose served by the continuation of the Chapter 11 case, and there is no relief which could be obtained by a conversion of the case. The burden which would be placed upon a Trustee appointed in this case either in a Chapter 11 or chapter 7 context would be unwarranted and Debtor's assets would provide no ability to compensate a Trustee for his or her services and those of his or her professionals.

19. There is no going concern to preserve, there are no employees to protect, and there is no hope of rehabilitation.

20. AMC further asserts that dismissal of the case is in the best interest of the creditors and the estate, and further, that there is no reasonable likelihood that a Plan will be confirmed within the frames established in §§1121 and 1129 of Chapter 11 and also §362 (d) (3), or within a reasonable period of time.

21. A Motion for Relief from the Automatic Stay is being file concurrently with this motion to dismiss.

## CERTIFICATE OF CONFERENCE

22. Movant certifies that prior to filing this motion, the undersigned counsel conferred with counsel for the debtor, Erin Jones, and debtor's counsel is opposed to this motion and an agreement could not be reached.

WHEREFORE, PREMISES CONSIDERED, AMC prays that upon final hearing hereof, this Court enter an order (1) dismissing the Chapter 11 case (2) permitting AMC to take any and all steps necessary to exercise any and all rights AMC may have pursuant to the Loan Documents, (3) that AMC have such other and further relief as is just.

Respectfully submitted,

By: /s/ Bruce M. Badger
Bruce M. Badger
SBN 01498700
John R. "Robbie" Osborne, Jr.
SBN 24027708
Badger Law Office
3400 Avenue H, Second Floor
Rosenberg, TX 77471
Tel. (281) 633-9900
Fax (281) 633-9916
ATTORNEYS FOR AMEGY
MORTAGE COMPANY, L.L.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| PENINSULA CLEAR LAKE TEXAS, L.P. | § § | CASE NO. 09-33906 |
| Debtor | § § § § | (Chapter 11) |
| AMEGY MORTGAGE COMPANY, LLC | § § | |
| Movant | § § | |
| vs. | § § | |
| PENINSULA CLEAR LAKE TEXAS, L.P, | § § | |
| Respondents | § § § § | |

**PROOF OF SERVICE OF MOTION TO DISMISS CASE**

     I hereby certify that on the 23nd day of June, 2009, and in accordance with applicable Federal and Local Bankruptcy Rules, I served a correct copy of Movant's Motion to Dismiss either electronically or by first class mail on those parties listed on Exhibit "1". All parties entitled to notice have been served. I certify under penalty of perjury that this is true.

                                     /s/ Bruce M. Badger
                                     Bruce M. Badger
                                     SBN 01498700
                                     John R. " Robbie" Osborne, Jr.
                                     SBN 24027708
                                     Badger Law Office
                                     3400 Avenue H, Second Floor
                                     Rosenberg, TX 77471
                                     (832) 595-8888;  Metro (281) 633-9900
                                     Fax (281) 633-9916

**Exhibit "1"**

| | | |
|---|---|---|
| **Debtor:**<br>**Peninsula Clear Lake Texas, L.P.**<br>**13806 Lilac View Court**<br>**Houston, Texas 77584** | **Debtor's Attorney**<br>**Erin E. Jones**<br>**Barron, Newburger, Sinsley, PLLC**<br>**5718 Westheimer, Ste 1755**<br>**Houston, TX 77002** | **US Trustee:**<br>**Christine A. March**<br>**Office of the US Trustee**<br>**515 Rusk Ave. Ste. 3516**<br>**Houston, Texas 77002** |
| | **Parties Requesting Notice** | |
| **Allison H Gabbert,**<br>**Via email to**<br>**agabbert@frvf-law.com** | **Tara L. Gundemeier**<br>**Via email to**<br>**houston_bankruptcy@publicans.com** | |
| | **20 Largest Unsecured Creditors** | |
| **Barry Electric**<br>**13225 FM 529, Suite 201**<br>**Houston, Texas  77041** | **Boyar & Miller, PC**<br>**42645 San Felipe, #1200**<br>**Houston, Texas  77027** | **Brandon International Inc**<br>**3334 Richmond Ave, # 205**<br>**Houston, Texas  77098** |
| **Cullum Heard**<br>**11322 Piping Rock Lane**<br>**Houston, Texas  77077** | **Coastal Testing Labs, Inc.**<br>**PO Box 87650**<br>**Houston, Texas  77287** | **Element Gardens**<br>**PO Box 7675**<br>**Houston, Texas  77270** |
| **Linco Construction Co.**<br>**15490 Voss Road**<br>**Sugar Land, Texas  77478** | **Diamond McCarthy, LLP**<br>**6504 Bridgepoint Parkway Suite # 400**<br>**Austin, Texas  78730** | **SheMark Engineering**<br>**8419 EF Lowry Expressway**<br> **Suite 120**<br>**Texas City, Texas  77591** |
| **Sandow Media Corp.**<br>**3731 N.W. 8th Avenue**<br>**Boca Raton, Florida 33431** | **Texas General Land Office**<br>**1700 N. Congress Avenue**<br>**Austin, Texas  78701-1495** | **Post Oak Publishing, Inc.**<br>**5005 Woodway, Suite 217**<br>**Houston, Texas  77056** |
| **Geo Serv**<br>**PO Box 246**<br>**League City, Texas  77574** | | |